UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

AMERICAN BEVERAGE ASSOCIATION,

        Plaintiff,

v.

RICK SNYDER, in his official capacity as the
Governor of the State of Michigan; BILL
SCHUETTE, in his official capacity as the         Case No.  1:11-CV-195
Attorney General of the State of Michigan;
and ANDREW DILLON, in his official capacity     HON. GORDON J. QUIST
as the Treasurer of the State of Michigan,

        Defendants,

v.

MICHIGAN BEER & WINE WHOLESALERS
ASSOCIATION,

        Intervenor-Defendant.
_____/

## MEMORANDUM

By Opinion and Order dated May 31, 2011, the Court held that M.C.L. § 445.572a(10) is neither discriminatory nor extraterritorial in violation of the dormant Commerce Clause, but instead subject to the balancing test set forth in *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 90 S. Ct. 844 (1970).  Plaintiff has filed a motion for reconsideration or, alternatively, for certification for interlocutory appeal.  Defendants oppose both requests.  For the reasons set forth below, the Court will deny Plaintiff's motion for reconsideration, but grant its request for certification pursuant to 28 U.S.C. § 1292(b).

**I. Motion for Reconsideration**

Pursuant to W.D. Mich. L. Civ. R. 7.4(a), to prevail on a motion for reconsideration, the movant must "not only demonstrate a palpable defect by which the Court and the parties have been misled, but also show that a different disposition of the case must result from a correction thereof."

A motion for reconsideration may not be used to simply rehash rejected arguments. *See* W.D. Mich. L. Civ. R. 7.4(a) ("Generally, and without restricting the discretion of the Court, motions for reconsideration which merely present the same issues ruled upon by the Court shall not be granted."); *see also Estate of Graham v. Cnty. of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004)(upholding district court's denial of a motion for reconsideration that "merely raised arguments that were already ruled upon").

### A. The Finding of No Discrimination

Plaintiff asserts that the Court's finding of no discrimination was based upon four mistaken premises. The Court will address each in turn.

In concluding that the unique-mark requirement is not discriminatory, the Court reasoned that (1) by its plain terms, it applies to all beverage manufacturers who meet the designated thresholds regardless of their in-state or out-of-state origins; and (2) Plaintiff's argument – that the statute is aimed at and only impacts those engaged in interstate commerce because a manufacturer who sells solely in Michigan, by default, produces a Michigan unique-product – would, by extension, bar all state labeling requirements. As to this latter point, the Court explained:

> Any manufacturer who deals solely intrastate has an advantage over interstate manufacturers because it need comply with only one state's labeling requirements. To hold that the unique-mark requirement is facially discriminatory, and therefore *per se* invalid, simply because it imposes a greater burden on those engaged in interstate commerce than those who do not would, in effect, mean that every state labeling restriction is unconstitutional. However, "[n]egatively affecting interstate commerce is not the same as discriminating against interstate commerce." *Cotto Waxo Co. v. Williams*, 46 F.3d 790, 794 (8th Cir. 1995). In a Commerce Clause context, "discrimination" is defined as the "differential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter." *Id.* (citing *Oregon Waste Sys. Inc. v. Dep't of Envtl. Quality of Or.*, 511 U.S. 93, 99, 114 S. Ct. 1345, 1350 (1994)); *see also E. Ky. Res. v. Fiscal Court of Magoffin Cnty.*, 127 F.3d 532, 541 (6th Cir. 1997) (same). The unique-mark requirement does not favor in-state manufacturers or disfavor out-of-state manufacturers; regardless of the bottle's point of origin, it must contain a "symbol, mark, or other distinguishing characteristic" that is unique to Michigan. M.C.L. § 445.572a(10).

(Op. at 13.)

In its motion for reconsideration, Plaintiff takes issue with the Court's conclusion that Plaintiff's argument would, by extension, bar all state labeling restrictions, and implies that the Court must have missed the distinction between the unique-mark requirement and the labeling restrictions that were upheld in *International Dairy Foods Ass'n v. Boggs*, 622 F.3d 628 (6th Cir. 2010) and *National Electrical Manufacturers Ass'n v. Sorrell*, 272 F.3d 104 (2d Cir. 2001). The Court caught the distinction: whereas neither of the restrictions in *Sorrell* and *Boggs* had an express impact on how manufacturers labeled their products in other states, the unique-mark requirement does in that it forbids the use of the same mark in non-Bottle Bill states.

Not only does the distinction go more toward the issue of extraterritoriality, s*ee Boggs*, 622 F.3d at 647 (discussing the fact that the labeling restriction had "no direct effect on the Processors' out-of-state labeling conduct" in the context of its extraterritoriality analysis); *Sorrell*, 272 F.3d at 110-11 (same), but it does not render the statute discriminatory in any event. Again, in the Commerce Clause context, "discrimination" is defined as "different[ial] treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter." *E. Ky. Res. v. Fiscal Court of Magoffin Cnty.*, 127 F.3d 532, 541 (6th Cir. 1997) (quoting *Or. Waste Sys., Inc. v. Dep't of Envtl. Quality of Or.*, 511 U.S. 93, 99, 114 S.Ct. 1345, 1350 (1994)). Because the unique-mark requirement applies to all manufacturers who meet the designated thresholds regardless of their in-state or out-of-state origins, and because small-volume out-of-state manufacturers, just like small-volume in-state manufacturers, are exempted, Plaintiff has not shown how "local economic actors are favored by the Rule at the expense of out-of state actors." *Boggs*, 622 F.3d at 649.

Plaintiff's second and third claims of error simply rehash arguments already rejected by the Court. Plaintiff argues that even if the statute does not facially discriminate between in-state and out-of-state manufacturers, in practical effect it does. This is so because (1) due to the high volume levels that trigger coverage, only national companies must comply, all of which, Plaintiff asserts, are out-of-state companies and (2) a Michigan-based company that sells solely intrastate is not

3

burdened by the statute to the same extent as those engaged in interstate commerce because it complies simply by virtue of its UPC mark. The Court has already addressed and rejected these arguments and, therefore, will do so in short form here. First, even if only national companies have sufficient sales to trigger the statute, a national company based in Michigan, just like a national company based outside of Michigan, must comply.[1] And second, all state labeling restrictions have a greater impact on those engaged in interstate commerce as compared to those who deal solely in one state. This fact alone does not render the unique-mark requirement "discriminatory" within the meaning of the Commerce Clause.

Finally, Plaintiff argues that the Court applied too narrow of a test in asking whether local economic "actors" are favored by the legislation and out-of-state actors burdened, as opposed to whether local economic "interests" are favored at the expense of out-of-state interests. *Compare Boggs*, 622 F.3d at 648 ("[T]he claimant must show both how local economic actors are favored by the legislation, and how out-of-state actors are burdened by the legislation.") *with Tenn. Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 449 (6th Cir. 2009) (asking whether there is "differential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter") (quoting *Or. Waste Sys.*, 511 U.S. at 99, 114 S. Ct. at 1350). Regardless of the term, as already discussed, the statute does not favor or burden based upon in-state or out-of-state origins, but applies even-handedly to all those who meet the designated thresholds.

**B. The Finding of No Extraterritoriality**

Like those relating to discrimination, Plaintiff's arguments relating to extraterritoriality simply rehash arguments already rejected by the Court. Plaintiff asserts that because the unique-mark requirement prevents manufacturers from using the same mark in other states, it necessarily

---

[1] Defendants assert that there are at least two Michigan-based distributors that must comply with the statute. (*See* Defs.' Resp. Exs. 8 and 10 (containing Distinguishing Mark Certification for Non-Alcoholic Beverage Manufacturers forms submitted by distributors of national brands located in Michigan).) Plaintiff's have a filed motion for leave to file a reply brief explaining that, although the local office address is listed, those companies are actually based outside of Michigan.

has an impermissible extraterritorial effect. Again, the Court did not miss this point and, in fact, specifically stated that the unique-mark requirement presents an "unusual extraterritoriality question." (Op. at 19.) The Court recognized that although the statute does not *directly* control how manufacturers label their bottles in non-Bottle Bill states, it indirectly dictates what those labels cannot contain (i.e., a "unique mark" enabling reverse vending machines to recognize those containers sold in Michigan). The Court, nonetheless, concludes that the unique-mark requirement is simply distinguishable from the those very few statutes that have been struck down on extraterritoriality grounds. And again, the Court does not find, as Plaintiff suggests, that the "substantially similar" language creates a constitutional problem for the same reasons cited in the Opinion. And, contrary to Plaintiff's assertion, if every other state in the nation adopted an "essentially identical" law, including M.C.L. § 445.572a(10)'s "substantially similar" language, it would only lessen the incidental burden on interstate commerce. Because the scope of the extraterritoriality doctrine remains unclear and because of the unusual nature of this statute, the Court stands by its conclusion.

## II. Motion to Certify for Interlocutory Appeal

Plaintiff moves, in the alternative, for an order certifying the Court's ruling for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), which provides as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . . .

A party seeking an interlocutory appeal must show that: "(1) the question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the district court's decision; and (4) an immediate appeal would materially

5

advance the ultimate termination of the litigation." *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993) (citing *Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir. 1974)). The Sixth Circuit has said that review under § 1292(b) should be sparingly granted and then only in exceptional cases. *Kraus v. Bd. of Cnty. Rd. Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966). After reviewing the parties' arguments, the Court finds this to be one of those exceptional cases.

As to the first two requirements, the Sixth Circuit has said that "[a] legal issue is controlling if it could materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002). However, the resolution of the issue need not terminate the case. *In re Baker & Getty Fin. Servs.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992). The Court agrees with Plaintiff that whether the unique-mark requirement is discriminatory or extraterritorial may properly be characterized as a controlling issue of law. This is so because laws that are discriminatory or extraterritorial, are deemed *per se* invalid and "generally struck down . . . without further inquiry." *Boggs*, 622 F.3d at 644-646. Such a law "will survive only if it 'advances a legitimate local purpose that cannot be adequately served by reasonable nondiscriminatory alternatives.'" *Dep't of Revenue of Ky. v. Davis*, 553 U.S. 328, 338, 128 S. Ct. 1801, 1808 (2008) (quoting *Or. Waste Sys.*, 511 U.S. at 101, 114 S. Ct. at 1351)). In contrast, if, as the Court concluded, the statute is neither discriminatory nor extraterritorial, it is subject to the *Pike* balancing test. Under that test, it will be upheld "unless the burden it imposes upon interstate commerce is 'clearly excessive in relation to the putative local benefits,'" *Boggs,* 622 F.3d at 644-46, the answer to which will require further discovery and perhaps trial. For this same reason, the Court finds the an immediate appeal may materially advance the termination of the litigation. Finally, given the unusual nature of the statute, the Court also finds the "substantial grounds for difference of opinion" inquiry satisfied; that is, the Court finds that whether M.C.L. § 445.572a(10) is either discriminatory or extraterritorial in violation of the dormant Commerce Clause is the sort of difficult issue of first impression that merits interlocutory

review. *See West Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis*, 138 F. Supp. 2d 1015, 1019 (W.D. Tenn. 2000).

## CONCLUSION

For the foregoing reasons, the Court will deny Plaintiff's motion for reconsideration, but grant its request for certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

A separate Order will issue.


Dated: July 20, 2011                                       /s/ Gordon J. Quist
                                                           GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE